IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GEORGIANNA JURISH,

    Plaintiff,

vs.                                                                                                                                 Civ. 06-862 RHS/ACT

EDGEWOOD POST OFFICE,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**

THIS MATTER comes before the Court on Defendant's Motion to Dismiss ("Motion"), filed September 20, 2006 **[Doc. 3]**. The Court, having reviewed the parties' submissions and the relevant authorities, finds that Defendant's Motion is well taken and will be granted.

On September 1, 2006, Plaintiff filed a civil complaint in the Magistrate Court of Torrance County, New Mexico, seeking money damages based on Defendant's alleged error in delivering a check and "therefore making all my check[s] bounce." (Civil Complaint ¶ 2, attached to Notice of Removal of Action **[Doc. 1]**). Defendant subsequently removed this proceeding to federal district court and filed the instant Motion to Dismiss. In its Motion, Defendant contends that the Court lacks subject matter jurisdiction over this proceeding because Plaintiff failed to exhaust her administrative remedies as required by the Federal Tort Claims Act ("FTCA"). See 28 U.S.C. § 2675(a)[1] (providing that a plaintiff must have "first presented the claim to the appropriate Federal agency" and that the claim has been "finally denied by the agency in writing" before filing a

---

[1]"The provisions of chapter 171 and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409(c).

lawsuit under this Act).

Defendant's Motion may be decided as a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1). The jurisdictional issue involving administrative exhaustion is not an aspect of Plaintiff's substantive claim. See, e.g., Sizova v. National Institute of Standards & Technology, 282 F.3d 1320, 1324 (10th Cir. 2002) (finding that the jurisdictional issue of exhaustion of administrative remedies is not an aspect of a substantive discrimination claim). Thus, the resolution of the jurisdictional issue will not require examination of the merits of Plaintiff's underlying claim. The requirement that Plaintiff exhaust available administrative procedures as set forth under § 2675 is jurisdictional and cannot be waived. See Cizek v. United States, 953 F.2d 1232, 1233 (10th Cir. 1992) (citation omitted). Moreover, Plaintiff bears the burden of establishing, by a preponderance of evidence, facts essential to demonstrate subject matter jurisdiction. See United States v. Rockwell International Corp., 282 F.3d 787, 797-98 (10th Cir. 2002).

Here, Defendant contends that Plaintiff has failed to exhaust her administrative remedies. In support of its contention, Defendant submits the declaration of Ms. Kathleen Arndt, an attorney for the United States Postal Service, as evidence that Plaintiff did not file an administrative claim prior to filing this lawsuit. (See Declaration of Kathleen M. Arndt, Ex. A attached to Memorandum in Support of Motion **[Doc. 4]** (stating that there is no record of an administrative claim filed by Plaintiff)). Plaintiff does not allege or demonstrate that she has exhausted her administrative remedies pursuant to § 2675(a). Indeed, Plaintiff has not filed a response to Defendant's motion to dismiss.[2] Plaintiff has entirely failed to meet her burden of

---

[2]Pursuant to the local rules of this Court, Plaintiff's failure "to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes [her] consent to grant the motion." D.N.M.LR-Civ. 7.1(b).

showing compliance with the requirement that she file an administrative claim prior to bringing this lawsuit. Accordingly, the Court finds that Defendant's Motion should be granted and this civil proceeding should be dismissed for lack of subject matter jurisdiction.

WHEREFORE,

IT IS ORDERED that Defendant's Motion to Dismiss **[Doc. 3]** is GRANTED and this civil proceeding is dismissed for lack of subject matter jurisdiction.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE